# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JUNIOR CLYDE NICKLES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, ET AL.,** | ) ) ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendants. | ) | |

*David L. Scyphers, Scyphers & Austin, P.C., Abingdon, Virginia, for Plaintiff; Andrew M. Hanson, Penn, Stuart & Eskridge, P.C., Bristol, Virginia, for Defendants.*

In this ERISA case, I accept the findings and recommendations of the magistrate judge and enter judgment for the defendants.

In this action the plaintiff contends that the defendant Consolidation Coal Company ("Consol"), the administrator of the defendant Consolidation Coal Company Long Term Disability Pay Plan (the "Consol Plan"), wrongfully denied his request for continuing disability benefits under a group disability insurance policy. Nickles was initially employed by Island Creek Coal Company ("Island Creek") and began receiving disability benefits in November 1981 under a long-term disability plan provided by that company (the "Island Creek Plan"). In 1993, Island Creek was acquired by Consol, and Nickles became covered under the Consol Plan. Nickles

challenges his coverage under the Consol Plan, arguing that he is entitled to lifetime benefits.

The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent held an evidentiary hearing and filed a report setting forth her findings and recommendations on November 29, 2010. On December 13, 2010, the plaintiff filed timely objections to the report. However, the plaintiff did not file a transcript of the evidentiary hearing, in violation of Rule 72(b)(2), and has informed the court that he has no intention to do so. Nevertheless, the defendant responded to the objections, and the objections are ripe for decision.

The plaintiff did not comply with the procedural requirements for objecting to the report. Fed. R. Civ. P. 72(b)(2) ("Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient."). In the absence of the required transcript, the plaintiff failed to properly assert his objections, which rely at least in part on testimony offered at the hearing. To the extent the objections rely on factual disputes contained in testimony that is not before this court, the objections are overruled. *See Am. Contractors Indem. Co. v. Atamian*, No. 08-2586-JWL, 2010 WL 3843642, at *6 (D. Kan. Sept. 27, 2010) (refusing to

credit an argument based on a dispute arising at the hearing because no hearing transcript was provided); *Titus v. Swalls*, No. 07-cv-0614-MJR-PMF, 2010 WL 3842402, at *2 (S.D. Ill. Sept. 27, 2010) ("[T]he objecting parties . . . have not arranged for the hearing's transcription, which is fatal if they seek to challenge the Report based on [the magistrate judge's] impression of in-court testimony."); *Cf. Putz v. Golden*, Civil Action No. 3:09-cv-00003, 2009 WL 5220163, at *1 n.1 (W.D. Va. Dec. 31, 2009) (refusing to strike objections because the record was to be directly transmitted to the judge and did not need to be transcribed).

Moreover, the record that is available shows that the magistrate judge's findings are correct. I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C.A. § 636(b)(1) (West 2006); Fed. R. Civ. P. 72(b) (3). The plaintiff objects to the magistrate judge's findings and recommendations on the following grounds:

1. Nickles's disability did not result from a March 1, 1979 accident and therefore was not attributable to a "sickness" under the Consol Plan; and

2. Nickles was entitled to notice that his disability was attributable to a "sickness" and that his benefits would end when he turned 70 years old.

I have considered the plaintiff's objections and arguments, but I find that the magistrate judge's lengthy and careful report adequately answers them. The record

shows that Nickles suffered from a back injury that existed more than 30 days before he became disabled on November 17, 1980. Therefore, his disability was attributable to a "sickness" under the Consol Plan. Because notice was only required with regard to initial claims for benefits, the defendants were not required by either plan to notify Nickles that his disability was deemed to be due to a "sickness" and that his benefits would terminate at age 70 after the initial disability determination. Accordingly, I will overrule the objections and accept the magistrate judge's findings and recommendations.

An appropriate judgment will be entered.

DATED: January 21, 2011

/s/ JAMES P. JONES
United States District Judge